**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**AT WICHITA, KANSAS**

LISA WISE,                                              )
                                                        )
         Plaintiff,                            )
                                                        )
v.                                                      )         Case No.
                                                        )
                                                        )
R & R TRANSPORTATION, INC.                              )
                                                        )
         Defendant.                            )
                                                        )
_____)

### COMPLAINT

COMES NOW the plaintiff, Lisa Wise, by and through counsel, Brian Pistotnik, of Pistotnik Law Offices, LLC and for her claims against defendant, alleges and states:

1.      The plaintiff is a resident of the State of Kansas.

2.      Defendant R & R Transportation, Inc. (hereinafter referred to as R & R) is a North Dakota Corporation mainly transacting business in the state of Minnesota which may be served with process through its resident agent Brad Sinclair, 3429 Interstate Blvd. S., Fargo, ND 58103-2213/

3.      This court has jurisdiction over the persons involved and subject matter.

4.      Venue is proper in the Wichita District of this Court.

5.      This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

6.      At the time of the motor vehicle collision, which is the subject matter of this

action, Lisa Wise was the spouse of Justin Wise, and she has legal standing to pursue this case as legal heir, on behalf of herself and the two minor children which were the offspring of Justin and Lisa Wise, under Kansas wrongful death statutes K.S.A. 60-1901 et seq.

7.      On or about November 14, 2018, a motor vehicle collision occurred between two semi tractors and trailers on US Highway 54 near milepost 122.1 in Kiowa County Kansas.  The two semis collided head on resulting in the death of the occupants of both vehicles.

8.      Prior to the collision, Justin Wise was operating a 1995 Peterbuilt semi with a trailer in tow and he was traveling eastbound on US Highway 54.

9.      Prior to the collision, Gary Heald was operating a 2019 International semi with a trailer in tow and he was traveling westbound on US Highway 54.  The semi was owned and maintained by defendant R & R.

10.     At the time of the collision, Gary Heald was acting as an employee and agent of R & R and he was acting within the course and scope of his employment for R & R.

11.     For all allegations brought in this Complaint, the actions and omissions of Heald are the actions and omissions of R & R under the doctrines of Respondeat Superior and Vicarious Liability.

12.     R & R has applied for motor carrier authority through the United States Department of Transportation to operate as a motor carrier under D.O.T. number

305573.

13.    The tractor-trailer operated by R & R and its driver Heald was operating in interstate commerce making it subject to the Federal Motor Carrier Safety Regulations issued under 49 C.F.R. Sections 381 through 399 which are enforceable pursuant to the Motor Carrier Act, PL 96-296, 1980 S 2245 and PL 96-296, July 1, 1980, 94 Stat 793.

14.    Under the FMCSR, the R & R tractor-trailer in this case is a commercial motor vehicle with a gross operating weight of 10,001 pounds or more.

15.    The R & R tractor-trailer truck that is the subject matter of this litigation is maintained and repaired by R & R.

16.    The R & R tractor-trailer truck involved in this collision was dispatched, supervised, monitored, operated, and controlled by the department operations and the fleet management of R & R.

17.    Heald was dispatched, monitored, operated, and controlled by R & R.

18.    Heald was hired, qualified, supervised, and trained by R & R.

19.    R & R's driving protocols and safety management protocols for Heald were created, developed and implemented in the state of Minnesota.

20.    At all times material hereto R & R and Heald were operating under authority through the Department of Transportation (DOT) under its license through D.O.T. number 305573.

21.    Pursuant to 49 C.F.R. § 390.4, a "motor carrier" is a for-hire motor carrier or a

3

private motor carrier. That term includes a motor carrier's agents, officers, and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers.

22.  R & R was at all material times a "motor carrier" and an "employer" of its driver Heald in regard to the operation of a commercial motor vehicle as defined in 49 C.F.R. §382.107.

23.  Pursuant to 49 C.F.R. § 390.3(e)(1) & (2), R & R and Heald are required to be knowledgeable of and comply with all applicable regulations contained in the FMCSR.  For the reasons stated herein, R & R and Heald failed to comply with the FMCSR.

24.  49 U.S.C. § 14704(a)(2) provides that "A carrier . . . is liable for damages sustained by a person as a result of an action or omission of that carrier. . . in violation of this part."

25.  49 U.S.C. § 14101(a) provides that "a motor carrier shall provide safe and adequate service, equipment and facilities."

26.  R & R and Heald negligently and wantonly failed to provide safe and adequate service which proximately caused the injury and damages to plaintiff.

27.  The FMCSRs (49 C.F.R. § 390 *et seq.*)  and the MCA provide the plaintiff with a private cause of action. Alternatively, they set forth the applicable minimum standard of care including the minimum qualifications for drivers and the minimum duties for drivers. 49 C.F.R. § 391.1(a). The violation of the MCA and

FMCSRs as set forth in this Complaint is negligence per se and alternatively for all allegations set forth in this Complaint the violation of the MCA and the FMSCRs is a violation of the applicable minimum standard of care.

28.     The actions and omissions of R & R and Heald are negligent, careless, reckless, grossly negligent and wanton and include, but are not limited to:

A.      Operation of a commercial motor vehicle in a fatigued state.

B.      Operation of a commercial motor vehicle in a reckless or careless manner.

C.      Operation of a commercial motor vehicle at a speed greatly in excess of the posted speed limit.

D.      Operation of a commercial motor vehicle at a speed too fast for the then present and existing conditions.

E.      Inattentive operation of a commercial motor vehicle.

F.      Failure to keep a proper lookout.

G.      Failing to maintain the lane of travel and crossing the center line of the roadway.

H.      Failure to exercise ordinary care.

I.      Negligence and negligence per se for violation of 49 CFR Sections 381 through 399.

J.      By operating a commercial motor vehicle upon the public streets and highways in a negligent and wanton disregard for the safety of plaintiff.

5

K.      Negligence and negligence per se for violation of 49 C.F.R. § 392.14 by failing to use extreme caution in the operation of a commercial motor vehicle when hazardous conditions exist and/or by failing to discontinue the operation of the motor vehicle until the vehicle could be operated safely.

L.      Negligence and negligence per se for violation of 49 C.F.R. § 392.3 by operation of a commercial motor vehicle while the driver's ability or alertness is impaired.

M.      Negligence and negligence per se for violation of 49 C.F.R. § 395.3 by driving more than the maximum hours allowed by this regulation.

N.      Negligence and negligence per se for violation of 49 C.F.R. § 395.8 by failing to record his logs timely, truthfully, and in conformance with this regulation.

O.      Negligence and negligence per se for violation of 49 C.F.R. § 391.11(a) by operation of a commercial motor vehicle when the driver is not properly qualified pursuant to this regulation.

P.      Negligence and negligence per se for violation of 49 C.F.R. § 383.113 by operating a commercial motor vehicle when the driver does not possess and demonstrate the safe driving skills required by this regulation.

Q.      Negligence and negligence per se for violation of 49 C.F.R. § 383.111 by operating a commercial motor vehicle when the driver did not have

knowledge of safe operating regulations, including the effects of fatigue, safety systems knowledge, basic knowledge of basic control maneuvers, and basic information on hazard perception and when and how to make emergency maneuvers.

R.      Negligence and negligence per se for violation of 49 C.F.R. § 383.110 by operation of a commercial motor vehicle without the knowledge and skills necessary to operate the same safely.

S.      Negligence and negligence per se for violation of 49 C.F.R. § 390.11 by failing to observe and follow the FMCSR.

T.      Negligent hiring, retention, qualification, supervision, and training of Heald by R & R.

U.      Failure to train the driver in the proper hazard communication signals, hazard perception, and other safe operating protocols.

V.      Failing to have adequate safety management protocols in place.

W.      Failing to properly create and implement a proper safety program that would require Heald to be adequately tested in written form to determine that he has appropriate defensive driving skills;

X.      Failure to test the driver of their commercial motor vehicle for alcohol and drug consumption prior to this collision.

Y.      Negligence and negligence per se for violation of 49 CFR § 395 by failing to adequately document the driver's record of duty.

7

Z.      Negligence and negligence per se for violation of 49 CFR § 391.31 by failing to properly road test their driver.

AA.    Negligence and negligence per se for violation of 49 C.F.R. § 391.23 by failing to properly and completely conduct the three year inquiry into the driver's background and employment which is required by this regulation.

BB.    Other actions and omissions that will be supplemented after discovery is complete.

29.    As a further direct and proximate result of the negligent and wanton acts and omissions of the defendant R & R  and its driver, Heald, Justin Wise was fatally injured as a result of the head on collision between the two semis and the immediate cause of death was multisystem trauma related to the motor vehicle collision. The plaintiff Lisa Wise has been damaged with pecuniary and nonpecuniary losses as a direct result of the death of her husband.  Those losses include property damage for the loss of the tractor and trailer, towing and storage fees, and taxes for the total destruction of the tractor and trailer.  Those losses include funeral expenses, economic losses in the past and in the future, *Wentling* damages, and nonpecuniary losses, past and future, for mental anguish, suffering and bereavement, loss of society, companionship, comfort and protection, loss of marital care, attention, advice and counsel.  Justin and Lisa Wise's children have suffered the same nonpecuniary losses but also suffer loss of parental care, training, guidance and education. For the aforementioned damages, the Plaintiff

and her children have been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

30. Defendant R & R has ratified all conduct of its company driver Heald either expressly or impliedly.

31. The plaintiff claims attorney fees against defendant R & R pursuant to K.S.A. 66-176 which provides, "Any public utility or common carrier which violates any of the provisions of law for the regulation of public utilities or common carriers shall forfeit, for every offense, to the person, company or corporation aggrieved thereby, the actual damages sustained by the party aggrieved, together with the costs of suit and reasonable attorney fees, to be fixed by the court. If an appeal is taken from the judgment or any part thereof, it shall be the duty of the appellate court to include in the judgment additional reasonable attorney fees for services in the appellate court or courts."

WHEREFORE, the Plaintiff prays for judgment against defendant in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for costs herein, for attorney fees, for interest allowed by law, and for such other and further relief as the Court deems just and equitable.

PISTOTNIK LAW OFFICES, L.L.C.

/s/  Brian Pistotnik
Brian Pistotnik #13396
2831 E. Central
Wichita, KS 67214
316-689-8035
Fax: 316-683-4692
brianpistotnik@pistotniklaw.com

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW the plaintiff and demands a pretrial conference and a trial by jury in this matter.

/s/ Brian Pistotnik_____
Brian Pistotnik #13396

## DESIGNATION OF PLACE OF TRIAL

COMES NOW the plaintiff and designates Wichita, Kansas as the place for trial in this matter.

/s/ Brian Pistotnik_____
Brian Pistotnik #13396